The Honorable Marvin Childers State Representative 608 South Estate Drive Blytheville, AR 72315-8005
Dear Representative Childers:
You have presented the following questions for my opinion:
 (1) Is it contrary to Act 833 of 1991 for a quorum court resolution to state that Act 833 of 1991 "requires" the Intergovernmental Cooperation Council of each county to recommend the appropriation of funds to each municipal and fire department?
 (2) Is it contrary to Act 833 of 1991 for a quorum court resolution to provide that any fire department that has not completed all necessary paperwork by October 31 of each calendar year will not be eligible to participate in the Act 833 program for that year, and that all funds, or any portion thereof, that would have gone to such ineligible fire departments shall be distributed evenly among the remaining eligible fire departments in the county?
You state that your questions relate to Resolution No. R-99-13, enacted by the Mississippi County Quorum Court, which addresses the distribution of certain tax proceeds to fire departments in the county, as authorized by Act 833 of 1991. You have provided me with a copy of this resolution.
RESPONSE
Question 1 — Is it contrary to Act 833 of 1991 for a quorum court resolution to state that Act 833 of 1991 "requires" the Intergovernmental Cooperation Council of each county to recommend the appropriation of funds to each municipal and fire department?
It is my opinion that it is not necessarily contrary to Act 833 of 1991 for a quorum court resolution to include the statement that you have described. However, I cannot opine conclusively in response to this question, because I am not authorized to construe the quorum court's resolution. The Office of the Attorney General concerns itself primarily with matters of state law, and does not ordinarily construe the language of local legislation. The construction of such legislation necessarily involves a determination of the intent of the quorum court, a factor that this office is not well situated to address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the quorum court that is not apparent from the face of the legislation. The awareness of such factors is a matter within the local domain, rather than the domain of this office. For these reasons, I am not in a position to determine meaning and underlying intent of the Resolution No. R-99-13. However, I am in a position to interpret the provisions of Act 833 of 1991.
The provision in question states in pertinent part:
 (2) The moneys shall be apportioned by each quorum court to the districts and municipalities within the county based upon population unless the County Intergovernmental Cooperation Council notifies the quorum court of the fire protection needs of the districts and municipalities, in which case the moneys shall be apportioned by the quorum court based on those needs.
A.C.A. § 14-284-403(a)(2) (emphasis added).
For purposes of discussion, I will set forth the provision of Resolution No. R-99-13 that is relevant to the above-quoted section of Act 833 of 1991. The relevant portion of the resolution states:
 Whereas, said Act [Act 833 of 1991] requires the Intergovernmental Cooperation Council of each county to recommend the appropriations of said funds to each municipal and rural fire department;
Mississippi County Quorum Court Resolution No. R-99-13.
Although the above-quoted section of Act 833 does not explicitly require the county intergovernmental cooperation council to notify the quorum court of the fire protection needs of the districts, it could be construed to mean that the council is required to do so in the event that such needs would warrant a different distribution than a population-based distribution. Indeed, I interpret the provision to impose this implicit requirement.
Therefore, if the quorum court's resolution intended such an interpretation, it would not, in my opinion, be contrary to the Act.
I reiterate that this opinion should not be interpreted as a construction of the quorum court's resolution. Rather, the conclusion I have stated merely reflects the possibility that the resolution is not contrary to Act 833.
Question 2 — Is it contrary to Act 833 of 1991 for a quorum court resolution to provide that any fire department that has not completed all necessary paperwork by October 31 of each calendar year will not be eligible to participate in the Act 833 program for that year, and that all funds, or any portion thereof, that would have gone to such ineligible fire departments shall be distributed evenly among the remaining eligible fire departments in the county?
It is my opinion that the October 31 deadline in the resolution is not contrary to Act 833 of 1991. As explained in response to Question 1, I am not in a position to construe the language of the resolution. However, I will discuss the implications of state law on this issue.
The provision of Resolution No. R-99-13 to which your question refers states:
 Whereas, the Mississippi County Intergovernmental Cooperation Council, at its regular meeting of August 26, 1999, recommended that any fire department that has not completed all necessary paperwork by October 31 of each calendar year will not be eligible to participate in the Act 833 program for that year, and that all funds, or any portion thereof, that would have gone to such ineligible fire department(s) shall be distributed evenly among the remaining eligible fire departments in Mississippi County;
Mississippi County Quorum Court Resolution No. R-99-13 (emphasis added).
Because, as discussed, I cannot construe the language of the resolution, I am not entirely certain as to the meaning of this reference to paperwork. Two provisions of Act 833 of 1991 impose "paperwork" requirements on participating fire departments. One such requirement is the department's annual report of expenditures. The requirement states:
 (3) Each rural volunteer fire department and fire protection district which receives such funds shall file reports on December 1 annually with the quorum court stating how such funds were expended during the preceding twelve (12) months.
A.C.A. § 14-284-405(c)(3).
The other paperwork requirement that is imposed upon fire departments is a proposal for the use of funds received. The requirement states:
 (b) No funds shall be paid to any certified rural volunteer fire department or fire protection district until a written proposal stating the following information has been approved by the quorum court and the Arkansas Fire Protection Services Board:
(1) Amount of funds requested;
(2) Purpose for which funds will be expended;
(3) Plans for training of fire fighters; and
(4) Anticipated time of completion of project.
 (c)(1) Rural volunteer fire departments and fire protection districts shall supply such statistical and operational information to the Arkansas Fire Protection Services Board and quorum court as required.
A.C.A. § 14-284-405(b)(c)(1).
Regardless of which paperwork requirement the resolution is intended to refer to, it is my opinion that the October 31 deadline is not contrary to Act 833.
First, as to the proposal information, the quorum court is clearly authorized to determine the requirements for the filing of this paperwork. Thus, if the reference in Resolution No. R-99-13 is a reference to the proposal information, it clearly is not contrary to Act 833.
Even if the reference in the resolution is to the expenditure report, it is my opinion that it does not conflict with the Act. My conclusion regarding this matter is based upon the provisions of A.C.A. § 14-14-808
and -809. Section -808 states that in situations primarily regulated by state law, counties may not enact legislation that is "inconsistent with" the state law requirement. It then goes on to define legislation that is "inconsistent with" state law as legislation that "establishes standards or requirements which are lower or less stringent than those imposed by state law." A.C.A. § 14-14-808(b). Similarly, Section -809 (which governs situations in which a county shares concurrent power with the state) provides that if a state law prescribes a minimum standard of conduct, local legislation is consistent if it establishes a standard which is the same as, or higher or more stringent than the state standard. The resolution's October 31 deadline meets these statutes' description of consistency with state law, in that it establishes a standard that is higher and more stringent than the standard established by state law. That is, the resolution requires an earlier filing deadline than does Act 833. Under both Section -808 and -809, this more stringent filing requirement is not inconsistent with state law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General